**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-6220

_____

DENARD DARNELL NEAL,

Petitioner - Appellant,

v.

J. C. STREEVAL, Warden, U.S.P. Lee; UNITED STATES DISTRICT COURT, District of Arizona-Phoenix; UNITED STATES DISTRICT COURT, Eastern District of California; OFFICE OF UNITED STATES ATTORNEY GENERAL, United States Department of Justice; OFFICE OF SECRETARY OF THE TREASURY, United States Department of the Treasury,

Respondents - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, Senior District Judge.  (7:21-cv-00380-JPJ-PMS)

_____

Submitted:  August 18, 2022                          Decided:  August 23, 2022

_____

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Denard Darnell Neal, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denard Darnell Neal seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 petition.  When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 17, 2021.  Neal filed his notice of appeal, at the earliest, on February 15, 2022.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).  Neal claimed that he did not receive a copy of the district court's order until February 15, 2022, and there is some evidence in the record supporting his assertion.  Because Neal filed his notice of appeal on the last day of the excusable neglect period and because he claimed that he did not receive a copy of the court's order until February 15, 2022, we construe Neal's notice of appeal as a motion to extend or reopen the appeal period under Rule 4(a)(5) or (6), respectively, and remand to the district court to determine whether the appeal period should be extended or reopened. The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*

2